[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' HABEAS PETITION
Petitioner Harry Rodriquez was convicted after a jury trial of the crimes of assault in the first degree in violation of Conn. Gen. Stat. Sec. 53a-59 (a)(1), commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k, and carrying a pistol without a permit, in violation of Conn. Gen. Stat. Sec. 29-35 (a). In his appeal of the conviction Harry Rodgriquez claimed that "the trial court improperly 1) instructed one panel of venire persons in its preliminary remarks concerning the presumption of innocence, and 2) instructed the jury concerning the finding of an affirmative fact from its denial by a witness." State v. Rodriguez 49 Conn. Sup. 606, 607 (1998). The appellate court affirmed the conviction. Thereafter the Supreme Court denied certification. State v. Rodriguez, 247 Conn. 925 (1998). CT Page 5971
Although not raised in his appeal, the petitioner in filing the petition for a writ of habeas corpus presents the issue of ineffective assistance of counsel.[1] The specifications of "ineffective assistance of counsel" consist of claims of 1) inadequate investigation preparatory to trial, 2) the alleged failure of his counsel to call a certain witness, and 3) the alleged failure to introduce certain letters.
Essentially the petitioner was convicted of shooting his girl friend, Colleen Bachard, in the neck with a hand gun following their verbal and physical fight on April 21, 1995. The defendant claims that he inadvertently shot her while returning gun fire to someone who was firing at him from a passing automobile.
At the habeas trial the court heard the testimony of petitioner Harry Rodriquez, and David Abbamonte, his counsel for the underlying trial. By stipulation of counsel this habeas court reviewed portions of the transcript of the underlying trial.
At the habeas trial petitioner Harry Rodriguez testified that attorney David Abbamonte — his trial counsel — committed error by not calling Christine Santiago, an eyewitness to the shooting. Attorney David Abbamonte testified that although he issued a subpoena for her he does not remember whether he spoke to her.
Attorney David Abbamonte testified further that he and his investigator conducted an onsite investigation at the scene of the incident, that he interviewed and presented Maria Perez — another eyewitness — who at the underlying trial testified that someone in a passing car did fire a gun prior to the petitioner's firing his gun. He testified that he introduced into evidence gun firing residue found inside and outside of the subject car.
The matter of the correspondence centers on the petitioner's claim that certain love letters which he had given to attorney Abbamonte should have and were not introduced into evidence. Attorney Abbamonte admitted receiving the letters but testified at the habeas trial that he did not offer them because they could be interpreted as showing evidence of the petitioners' sorrow, remorse and a consciousness of guilt — none of which would have aided his defense.
The Connecticut Supreme Court has followed the United States Supreme Court in stating the standards by which a claim of ineffective assistance of counsel must be judged.
 In Strickland v. Washington, [466 U.S. 668] supra, CT Page 5972 671, the United States Supreme Court "consider[ed] the proper standards for judging a criminal defendant's contention that the Constitution requires a conviction . . . be set aside because counsel's assistance at the trial . . . was ineffective." In the context of a claim of ineffective assistance of trial counsel, the court held that such a contention "has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687.
Bunkley v. Commissioner of Correction, 222 Conn. 444, 455 (1992)
This court finds that the petitioner has not proved his claim of ineffective assistance of counsel. Accordingly, the petition for Habeas Corpus is denied.
Clarence J. Jones, Judge